**Appeal Reinstated and Order filed October 13, 2011.**



In The

# Fourteenth Court of Appeals
_____

NO. 14-06-00976-CV
_____

**LOUIS COGNATA, Appellant**

**V.**

**DOWN HOLE INJECTION, INC., Appellee**

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2005-78272**

---

## ORDER

On July 19, 2011, appellant filed a motion to determine the status of the reporter's record in this appeal. In his motion, appellant provided copies of emails between appellant's counsel and Scotty Baldwin, the former official court reporter for the 127th District Court. In one of the emails, Baldwin acknowledged that he had informed this court that there is no reporter's record for this appeal. He further wrote that "[t]here may have been some hearings earlier but I know the ruling itself was by submission." Appellant asserts that it is unclear whether there was no record was taken or whether a record was made but cannot be located.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, we granted appellant's motion, ordered the appeal abated**,** and directed the trial court to conduct a hearing and to make findings pursuant to Rule 34.6(f).   The hearing record and the trial court's findings have now been filed.   The court found the following:

1. Appellant, Louis Cognata did timely request a reporter's record;

2. Significant portions of the reporter's record have been lost or destroyed with no fault of the Appellant;

3. The lost portions of the reporter's record are not necessary to the Appellant's appeal; and

4. This Court finds that the Parties could agree on replacement of any exhibits with copies; however, Appellant is unwilling to agree to the same.

The trial court found that the missing reporter's record is **not** necessary to the appeal.   We order the appeal **REINSTATED.**   Appellant's brief shall be due on or before **November 14, 2011.**

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.